UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Respondent, | ) | Criminal Case No. |
| | ) | 5:16-cr-83-JMH-1 |
| v. | ) | |
| | ) | |
| WILLIAM P. DIXON, | ) | **MEMORANDUM** |
| | ) | **OPINION AND ORDER** |
| Defendant-Petitioner. | ) | |

\*\*\*

This matter is before the Court on Defendant William P. Dixon's motion requesting the Court order his early release from prison. [DE 25]. Specifically, Dixon requests compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). For the reasons stated below, Dixon's motion will be **denied.**

## I. BACKGROUND

On November 7, 2016, Dixon pleaded guilty to possession with intent to distribute forty (40) grams or more of fentanyl. [DE 17]. On February 6, 2017, Dixon was sentenced to a total term of imprisonment of one hundred twenty (120) months, to be followed by an eight-year term of supervised release. [DE 22]. Dixon is currently incarcerated at the United States Penitentiary in Yazoo City, Mississippi, and is projected to be released in May 2025. [DE 26 at 1-2].

Dixon's letter, which the Court has construed as a motion [DE 25] is straightforward. That is, Dixon seeks compassionate release

pursuant to 18 U.S.C. § 3582(c)(1)(A) on the grounds that his medical conditions and age place him at a heightened risk of serious complications from COVID-19. [*Id.* at 1]. The United States has responded, arguing that Dixon failed to exhaust the administrative remedies required to file a proper compassionate release motion under 18 U.S.C. § 3582. [DE 26].

## II. DISCUSSION

Prior to 2018, only the Bureau of Prisons ("BOP") could move a district court for the compassionate release of a federal prisoner under § 3582(c)(1)(A). But on December 21, 2018, the First Step Act amended § 3582(c)(1)(A) to allow district courts to grant a motion for compassionate release filed by the defendant himself, provided that the defendant has first "fully exhausted all administrative rights to appeal a failure of Bureau of Prisons to bring a motion on the Defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." 18 U.S.C. § 3582(c)(1)(A). Although not a jurisdictional question, the occurrence of one of the two events mentioned in the statute is a "mandatory condition" to the Court granting relief. *United States v. Alam*, 960 F.3d 831, 833 (6th Cir. 2020). As such, if the government "properly invoke[s]" the condition, the Court must enforce it. *Id*. at 834.

Here, the United States has raised the exhaustion issue. [DE 26]. Specifically, the government contends that Dixon's request to

2

the warden was primarily for the purpose of moving to home detention and suggests that his reference to compassionate release was secondary. [*Id.* at 9]. This is because "Dixon did not include an explanation of extraordinary or compelling circumstances or a post-release plan," therefore, it was not considered a submitted request. [*Id.*]. Dixon argues that the requirements should be waived, in light of the COVID-19 pandemic and that he proceeds without counsel. [DE 28 at 2-3]. The Court disagrees.

The Sixth Circuit has held that prisoners must follow the procedural requirements before submitting a motion to a federal Court. *United States v. Alam*, 960 F.3d 831, 833 (6th Cir. 2020) ("Even though this exhaustion requirement does not implicate out subject-matter jurisdiction, it remains a mandatory condition"). The exhaustion requirements exist to give the BOP an opportunity to conduct this kind of intensive analysis. The Court is not as well positioned to consider the inmate's medical history, his or her conduct while incarcerated, the inmate's re-entry plan, the inmate's vulnerability, his or her potential danger to the community, or the unique problems related to COVID-19 at the particular facility. The BOP is best positioned to do so. *See, e.g., United States v. Hopkins*, No. 5:13-123-KKC, 2020 WL 2838543 at *2 (E.D. Ky. June 1, 2020); *United States v. Raia*, No. 20-1033, 2020 WL 1647922, at *2 (3d Cir. Apr. 2, 2020) ("Given BOP's shared desire for a safe and healthy prison environment, we conclude that

3

strict compliance with § 3582(c)(1)(A)'s exhaustion requirement takes on added—and critical—importance" amid the risks posed by COVID-19).

Dixon's email to the BOP was deficient and failed to satisfy all of the requirements for proper consideration. [DE 26-1]. Because Dixon did not submit a completed request for the BOP to review, he failed to exhaust the administrative remedies. Having been invoked by the government, the Court must enforce the exhaustion requirement. *Alam,* 960 F.3d at 834. Thus, Dixon's failure to comply with the requirements and file a proper request prevents this Court from considering the merits of Dixon's compassionate release request at this time.

The Court also notes that Dixon's motion, in its present condition, would likely fail even if the exhaustion requirement had been met. This is because Dixon failed to provide the Court with any records, either to demonstrate that exhaustion has been met, or to support his claimed medical conditions. On this basis alone, the Court could deny Dixon's motion. *See United States v. Elias*, 984 F. 3d 516, 620 (6th Cir. 2021) (explaining that the district court could have denied the defendant's motion for compassionate release on the basis that she failed to provide any records to support her claimed medical condition).

**III. CONCLUSION**

Accordingly, **IT IS ORDERED** that Defendant William P. Dixon's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) [DE 25] is **DENIED WITHOUT PREJUDICE** for failure to exhaust.

This the 14th day of July, 2021.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge