UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | Criminal Case No. |
|  | ) | 5:16-cr-83-JMH |
| v. | ) | |
|  | ) | **MEMORANDUM** |
| WILLIAM P. DIXON, | ) | **OPINION AND ORDER** |
|  | ) | |
| Defendant. | ) | |

\*\* \*\* \*\* \*\* \*\*

This matter is before the Court on Defendant William Dixon's Second Motion for Compassionate Release (DE 31) requesting compassionate release under the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act") and 18 U.S.C. § 3582(c)(1)(A). Dixon, a federal prisoner proceeding *pro se*, cites concerns about the current COVID-19 pandemic and requests that the Court order his release. He also requests the appointment of counsel. As ordered by the Court on August 5, 2021, (DE 30), the United States has responded (DE 32). Because Dixon has still not exhausted his administrative remedies, his Motion (DE 31) will be denied.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

On February 6, 2017, this Court sentenced Dixon to possession with the intent to distribute 40 grams or more of fentanyl, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1). (DE 21: Minute Entry). He was sentenced to a total term

of imprisonment of 120 months, to be followed by eight (8) years on supervised release. (DE 22: Judgment).

Dixon is currently incarcerated at the United States Penitentiary (USP) in Yazoo City, Mississippi. The BOP's Inmate Locator indicates that he is 60 years-old and is projected to be released on May 16, 2024.

On June 12, 2020, the Court received Dixon's first motion for compassionate release. (DE 25). There, Dixon submitted that, because he suffers from hypertension and is in "chronic care" at the hands of a "Dr. Martinez", he is concerned about the possible ramifications of contracting COVID-19. He also stated that his facility is unable to properly control a COVID outbreak. (*Id*. at 2). At that time, the United States argued that Dixon's motion should be denied on procedural grounds, as he had not properly exhausted his administrative remedies. (DE 26). The Court agreed and denied Dixon's motion without prejudice. (DE 29).

In his new motion (DE 31), Dixon asks the Court to "renew" his motion under 18 U.S.C. 3582(c)(1)(A) because he fears his life is in danger. He indicates that he suffers from high blood pressure, but otherwise does not add any further information regarding his health status. Nor does he offer medical evidence. The United States continues to assert that the Court does not have jurisdiction to consider the motion because Dixon has not properly exhausted his administrative remedies. (DE 32 at 3-4).

## II. DISCUSSION

The sentencing court has no inherent authority to modify an otherwise valid sentence. *United States v. Washington,* 584 F.3d 693, 700 (6th Cir. 2009). Rather, the authority of the Court to resentence a defendant is limited by statute. *United States v. Houston,* 529 F.3d 743, 748-49 (6th Cir. 2008) (citing *United States v. Ross,* 245 F.3d 577, 858 (6th Cir. 2001)). Title 18 U.S.C. § 3582(c)(1)(A) provides that courts may "reduce [an inmate's] term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment)" where "extraordinary and compelling reasons warrant [release]," or the prisoner's age and other factors make release appropriate. 18 U.S.C. § 3582(c)(1)(A).

Prior to 2018, only the Bureau of Prisons ("BOP") could move a district court under § 3582(c)(1)(A) for the compassionate release of a federal prisoner. On December 21, 2018, the First Step Act amended 18 U.S.C. § 3582(c)(1)(A) to allow prisoners to directly petition courts for compassionate release. The amendment provides prisoners with two direct routes to court: (1) file a motion after fully exhausting administrative appeals of the BOP's decision not to file a motion for compassionate release, or (2) file a motion after "the lapse of 30 days from the receipt . . . of such a request" by the warden of the prisoner's facility. 18

U.S.C. § 3582(c)(1)(A). No exceptions to the exhaustion requirement are listed in the statute. *Ross v. Blake*, 136 S.Ct. 1850, 1857 (2016). In fact, the Supreme Court held in *Ross* that mandatory exhaustion regimes completely foreclose judicial discretion. *Id*.

If the defendant surmounts this preliminary hurdle, the Court may grant a sentence reduction "after considering the factors set forth in section 3553(a) to the extent that they are applicable" if it finds:

> (i) extraordinary and compelling reasons warrant such a reduction; **or**
>
> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> **and** that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission ....

*Id.* (emphasis added).

If the exhaustion requirement is satisfied, courts must then follow the statute's three-step test:

> At step one, a court must "find[ ]" whether "extraordinary and compelling reasons warrant" a sentence reduction. At step two, a court must "find[ ]" whether "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The Commission's policy statement on compassionate release resides in U.S.S.G. § 1B1.13. Thus, if §

> 1B1.13 is still "applicable," courts must "follow the Commission's instructions in [§ 1B1.13] to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." At step three, "§ 3582(c)[(1)(A)] instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by [steps one and two] is warranted in whole or in part under the particular circumstances of the case."

*United States v. Jones*, 980 F.3d 1098, 1107-08 (6th Cir. 2020) (internal citations omitted). "In cases where incarcerated persons [as opposed to the Bureau of Prisons] file motions for compassionate release, federal judges may skip step two of the § 3582(c)(1)(A) inquiry and have full discretion to define 'extraordinary and compelling' without consulting the policy statement § 1B1.13." *Id.* at 1111. In considering a compassionate release motion, "district courts may deny compassionate release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others" but must "address all three steps" if granting such a motion. *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021).

### III. Analysis

In addressing a motion for compassionate release, the Court first examines whether defendant has satisfied § 3582(c)(1)(A)'s exhaustion requirement, which is a mandatory prerequisite to consideration of a compassionate release request on the merits. *United States v. Alam*, 960 F.3d 831, 833–34 (6th Cir. 2020). "When 'properly invoked,' mandatory claim-processing rules

'must be enforced.' " *Id.* at 834 (quoting *Hamer v. Neighborhood Hous. Servs. of Chi.*, 138 S. Ct. 13, 17 (2017)). The only exceptions to such a mandatory claim-processing rule are waiver and forfeiture. *Id.* (citing *United States v. Cotton*, 535 U.S. 625, 630 (2002)).

As previously stated, the United States argues that Dixon has not fully met the exhaustion requirement because it was primarily a request for home detention. Further, it argues that "[t]he request lacked supported explanation of extraordinary or compelling circumstances or a post-release plan." (DE 32 at 3-4).

The statute at issue here speaks directly to the Court's authority to modify a sentence, stating that it may only do so once the BOP denies a request for compassionate release and the defendant appeals, or if the warden fails to respond to a request or file a motion within thirty days. Because the statute explicitly states that only then may a defendant turn to the judiciary, those requirements are clearly jurisdictional and prevent the Court from considering Dixon's Motion (DE 51) at this time.

The Court in *Hofmeister* explained why these exhaustion steps are imperative, especially at a time of extreme uncertainty:

> But in such a context, the exhaustion requirement of the compassionate release statute is perhaps most important. The requirement recognizes that the BOP is better positioned than the courts to first assess issues such as a defendant's health, the adequacy of the measures taken by a particular place of incarceration to address any health risks, the risk presented to the

>public by a defendant's release, and the adequacy of a defendant's release plan.

*United States v. Hofmeister*, No. 5:16-13-KKC, 2020 WL 1811365, at * 2 (E.D. Ky. April 9, 2020) (internal citations omitted). The BOP, under this program, is directed to consider the "totality of the circumstances" for each inmate, including several comprehensive factors that, together, identify who is most at-risk for contracting and presenting complications due to COVID-19. Then-Attorney General Barr noted that each inmate is unique, and these determinations must be made on an individualized basis.

The exhaustion requirements exist to give the BOP an opportunity to conduct this kind of intensive analysis. The Court is not as well positioned to consider an inmate's medical history, his or her conduct while incarcerated, the inmate's re-entry plan, the inmate's vulnerability, his or her potential danger to the community, or the unique problems related to COVID-19 at the particular facility. The BOP is best positioned to do so.

Finally, Dixon has also moved the Court to appoint counsel to represent him in this motion. There is no constitutional right to counsel in proceedings filed under 18 U.S.C. § 3582. *United States v. Walker*, No. CR 6:06-111-DCR, 2019 WL 3240020, at *4 (E.D. Ky. July 18, 2019) (citing *United States v. Bruner*, No. 5:14-cr-05-KKC, 2017 WL 1060434, at *2 (E.D. Ky. Mar. 21, 2017)). The decision to appoint counsel falls within the Court's discretion, but

appointment of counsel is unnecessary where the issues raised in a § 3582 motion "are straightforward and resolvable upon review of the record." *United States v. Clark*, No. 6:07-013-DCR, 2019 WL 7161209, at *2 (E.D. Ky. Feb. 14, 2019). In this case, Dixon has raised no complex issues. Once exhaustion has been met, the Court is confident that it will be able to resolve the motion on the merits on the record before it. Accordingly, appointment of counsel is not appropriate.

### IV. CONCLUSION

Dixon has failed to fully exhaust the administrative procedures required by 18 U.S.C. § 3582. Additionally, the Court has no authority to direct that Dixon be released or placed on home confinement. Thus, the Court is without jurisdiction to decide the merits of his Motion (DE 31).

Having considered the matter fully, and being otherwise sufficiently advised,

**IT IS ORDERED** that Defendant William Dixon's Motion for Compassionate Release (DE 31) is **DENIED WITHOUT PREJUDICE.**

This 23rd day of August, 2021.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge